KATHY A. DOCKERY
CHAPTER 13 TRUSTEE
801 S. FIGUEROA ST., SUITE 1850
LOS ANGELES, CA 90017
PHONE: (213) 996-4400
FAX: (213) 996-4426

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| IN RE:<br><br>ALFRED MCZEAL, JR.<br><br><br><br><br><br><br>DEBTOR(S). | Case No: LA23-10011-SK<br><br>CHAPTER 13<br><br><br>**TRUSTEE'S OBJECTIONS TO PLAN CONFIRMATION; DECLARATION IN SUPPORT THEREOF; AND NOTICE RE: EFFECT OF FAILURE TO APPEAR AT CONFIRMATION HEARING**<br><br>DATE:         March 23, 2023<br>TIME:         10:00 am<br>PLACE:      ROYBAL BUILDING<br>                    255 EAST TEMPLE STREET<br>                    Courtroom 1575 15th Floor<br>                    LOS ANGELES, CA 90012 |

TO THE HONORABLE  SANDRA R. KLEIN,  UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR AND ALL PARTIES IN INTEREST:

The Chapter 13 Standing Trustee (the "Trustee") hereby objects to confirmation of the plan in that the Debtor(s) has failed to meet all of the mandatory requirements set forth under 11 U.S.C. §1325.  The Trustee's Objections are set forth in detail in Exhibit "A" of the attached Declaration in Support of the Trustee's Objections to Confirmation.  The Objections are based on information as known to the Trustee as of the §341(a) Meeting of Creditors (The "Meeting").  The Trustee reserves the right to raise additional objections.

Unless otherwise specified at the Meeting, the Trustee requests that the debtor(s) provide any new or amended documents no later than five days after the Meeting.  Pursuant to 11 U.S.C. §521(3), the debtor(s) is required to cooperate with the Trustee.

**THE FAILURE OF THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S), TO APPEAR AT THE CONFIRMATION HEARING IS CAUSE FOR DISMISSAL OR CONVERSION OF THE CASE UNLESS**

THE DEBTOR(S) OR THE ATTORNEY FOR DEBTOR(S) IS EXCUSED BY THE TRUSTEE OR BY A COURT ORDER PURSUANT TO L.B.R. 3015-1(d).

THE DEBTOR(S) AND ATTORNEY FOR DEBTOR(S), IF ANY, ARE ALSO ADVISED THAT THE CASE MAY BE DISMISSED OR CONVERTED AT THE CONFIRMATION HEARING IF ALL PLAN PAYMENTS AND THE DECLARATION SETTING FORTH POST-PETITION PRECONFIRMATION DEED OF TRUST PAYMENTS (OFFICIAL FORM F3015-1.4) ARE NOT TENDERED TO THE TRUSTEE PRIOR TO THE DULY NOTICED HEARING TIME.

WHEREFORE, the Standing Trustee respectfully requests that confirmation of the plan be denied.

DATED: 3/8/2023

_____
KATHY A. DOCKERY, Chapter 13 Trustee

**DECLARATION OF KATHY A. DOCKERY**

I, Kathy A. Dockery, declare as follows:

1. I am the standing Chapter 13 Trustee in this matter and by virtue thereof, I have personal knowledge of files and records kept by my office in the regular course of business. I have personally reviewed the files and records kept by my office in the within case. The following facts are true and correct and within my own personal knowledge and I could and would testify competently thereto if called to do so.

2. The Trustee objects to confirmation of the proposed Plan due to the following deficiencies all of which existed prior to or at the time of the §341(a) Meeting(s) held in this matter. A true and correct copy of the Trustee's Objections in this matter is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Debtor(s) is requested to provide the documents and information set forth in Exhibit "A".

    I declare under penalty of perjury that the foregoing is true and correct.

DATED: 3/8/2023

_____
KATHY A. DOCKERY, Chapter 13 Trustee

## Trustee Objections

If the debtor(s) fails to produce the documents and resolve the issues set forth in this trustee's objection to confirmation, the trustee may recommend dismissal or conversion of the case for cause and unreasonable delay that is prejudicial to creditors.  See 11 U.S.C. §§1307(c) and 1307(c) (1).  *Other issues may arise at or before confirmation requiring additional action or information by the debtor and debtor's counsel.*

### BANKRUPTCY PAYMENTS MUST BE CURRENT AT CONFIRMATION

**Evidence of TFS bankruptcy payments or Cashier's Check payments must be uploaded to The Attorney Portal on the Trustee website, LATRUSTEE.COM.**

**If you do not have evidence that your bankruptcy payments are current, your case may be dismissed at the confirmation hearing.**

## *RESPONSES TO THE TRUSTEE'S OBJECTIONS ARE DUE ON*

*Responses to the Trustee's Objections must be uploaded on The Attorney Portal on our website at latrustee.com.*

***All documents that are required to be filed with the Bankruptcy Court must be uploaded to PACER prior to uploading to The Attorney Portal on LATrustee.com***

| No. | OBJECTION | Amendment or Documentation Requested |
|---|---|---|
| | The Plan | |
| 1. | The debtor has failed to comply with Local Bankruptcy Rule 3015-1(b)(3) which requires the debtor to serve the plan with mandatory Local Bankruptcy Form 3015-1.02.NOTICE.341.CNFRM "Debtor's Notice of 11 U.S.C. §341(a) Meeting of Creditors and Hearing on Confirmation of Chapter 13 Plan, with Copy of Chapter 13 Plan" at least 14 days before the date first set for the Section 341(a) meeting of creditors.  Based on the failure to timely serve the plan using Form 3015-1.02.NOTICE.341.CNFRM or failure to serve the plan using Form 3015-1.02.NOTICE.341.CNFRM the debtor is requested to waive any objection to a late filed and served objection to confirmation of the plan.  If the debtor has not filed and served the plan using Form 3015-1.02.NOTICE.341.CNFRM, the debtor is requested to file and serve the plan using said form within three (3) days of the initially scheduled §341(a) Meeting of Creditors. | 3015-1.02. NOTICE.341.CNFRM "Debtor's Notice of 11 U.S.C. §341(a) Meeting of Creditors and Hearing on Confirmation of Chapter 13 Plan, with Copy of Chapter 13 Plan" |
| 2. | The Debtor is requested to provide for the arrears of Ocwen Loan Servicing and Orange County Tax Collector in Class 4 of the Plan.  Further, the Debtor is also requested to disclose "Debtor" as the Post-Petition Mortgage Payment Disbursing Agent to Ocwen Loan Servicing, Acme Masoleum and Orange County Tax Collector.  The Debtor is also requested to uncheck the "none" box under Class 4 of the Plan.  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). The Debtor has the burden of proof for plan confirmation. See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Plan** |
| 3. | The Debtor is requested to remove all plan references to using the plan as the instrument to avoid liens or value collateral as the judge assigned to the case requires a motion to be filed and served for this purpose.  See this link: http://www.cacb.uscourts.gov/sites/cacb/files/documents/judges/instructions/SK_Judge_SK_CH13procedures.pdf | **Plan** |

Alfred McZeal, Jr.
2310011
3/8/2023 8:29:29 AM

| | | |
|---|---|---|
| | **Statement of Current Monthly Income**<br>**And Calculation of Commitment Period and Disposable Income** | |
| 4. | The Debtor(s) is requested to remove the "ordinary and necessary operating expenses" under line #5 of form 22C-1 per in re Wiegand, 2008 DJDAR 6175 (BAP 9th 4/30/08).  The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **Form 122C-1 and Form 122C-2** |
| | **Income (Schedule I)** | |
| 5. | The Debtor(s) is requested to provide a copy of the 2018 through 2021 Federal Income Tax Returns. The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001). | **2018 through 2021 Federal Income Tax Returns** |
| 6. | The Debtor(s) has failed to produce all required business proof of income for a business without employees.  The Debtor is requested to produce the following documents:<br><br>• 12-month projection;<br>• 6 months of bank statements prior to case filing;<br><br>See LBR 3015-1(c)(5); The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **As Stated** |
| | **Assets (Schedules A,B,C)** | |
| 7. | If the Debtor(s) files a plan or amended plan which provides for less than a 100% dividend to Class 5 Creditors, the Debtor(s) is requested to provide evidence of the current fair market value of all real property the Debtor(s) discloses on Schedule A/B. The Debtor has the burden of proof for plan confirmation.  See *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001); the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4). | **Evidence of Real Property Valuation**<br><br>**Evidence can include any of the following:**<br>▪**Broker Price Opinion**<br>▪**Appraisal**<br>▪**Online Appraisal**<br>▪**Evidence of Prior Sales** |
| 8. | The Debtor(s) has failed to completely fill out Schedule A/B.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule A/B** |
| 9. | The Debtor(s) has failed to completely fill out Schedule C.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule C** |
| | **Liabilities (Schedules D,E,F,G)** | |
| 10. | The Debtor(s) has failed to completely fill out Schedule D with all of his Trust Deed creditors and secured creditor, ACME Masoleum.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Schedule D** |
| 11. | The Debtor(s) has failed to disclose all of his unsecured creditors on Schedule F. See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); | **Schedule F** |

| | | |
|---|---|---|
| | In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | |
| | Statement of Financial Affairs | |
| 12. | The Debtor(s) has failed to disclose his prior address during the last 3 years from the filing of this case.   See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Part 1** |
| 13. | The Debtor(s) has failed to disclose all of his pending lawsuits. See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001); *In re Mohring*, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Part 4** |
| 14. | The Debtor(s) has failed to disclose all of his business/es information.    See 11 U.S.C. §521(1); The Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Part 11** |
| | Miscellaneous Objections | |
| 15. | The Debtor(s)is requested to complete, sign and upload to TRU the following forms at least 14 days prior to the Confirmation Hearing:<br><br>• Domestic Support Obligation Information Form (Court-Ordered Only)<br>• Third Party Authorization Form, *Signed by Debtor*<br><br>The Debtor has a duty to cooperate with the Trustee.  See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4). | **As Stated** |
| 16. | The Debtor(s) is requested to provide a declaration regarding: Filing of Tax Returns and Payment of Domestic Support Obligations (Form 3015-1.8.Dec.Tax.Dso). The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(3) and F.R.B.P. 4002(4).  The Debtor has the burden of proof for plan confirmation.  See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir.BAP (Cal.), 2001). | **Tax/DSO Declaration** |
| 17. | The Debtor(s) is requested to provide appropriate evidence of all required plan payments which have come due prior to the date and time of the scheduled confirmation hearing pursuant to the Trustee's policy and Local Bankruptcy Rules 3015-1(k) et seq. and 3015-1(m) et seq.<br><br>***Electronic plan payments made through TFS must be submitted 5 days before the Confirmation Hearing.  Any TFS payments submitted less than 6 days prior to the Confirmation Hearing may not be deemed evidence of the required plan payment.***<br><br>**Failure to timely submit plan payments including electronic payments may be cause for dismissal or conversion of the case to a case under chapter 7 pursuant to 11 U.S.C. Section 1307(c) and Local Bankruptcy Rule 3015-1(k)(4) and 3015-1(m)(8).** | **Evidence of Plan Payments including Proof of Mailing**<br><br>**Evidence of Electronic Payments with date of the transaction** |
| 18. | The Debtor(s) has failed to disclose prior bankruptcy filings.   L.B.R. § 1015-2; the Debtor(s) has a duty to prepare schedules carefully, completely, and accurately. See 11 U.S.C. §521(1); Cusano v. Klein, 264 F.3d 936, 946 (9th Cir. 2001); In re Mohring, 142 B.R. 389,394 (Bankr. E.D. Cal. 1992). | **Statement of Related Cases** |
| 19. | The Debtor(s) is requested to provide a copy of the Grant Deed or Quit Claim | **Grant Deeds or Quit** |

| | which shows that the Debtor's interest in all disclosed properties listed in Schedule A. The Debtor has a duty to cooperate with the Trustee. See 11 U.S.C. §521(a)(3) and F.R.B.P. 4002(a)(4).   The Debtor has the burden of proof for plan confirmation. See *In re: Hill 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001)*. | **Claim Deeds** |
|---|---|---|

Alfred McZeal, Jr.
2310011
3/8/2023 8:29:29 AM